IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-69,901-01






EX PARTE STEVEN JEFFREY PAPE, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 0907043D IN THE 371ST DISTRICT COURT


FROM TARRANT COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of two counts of
aggravated sexual assault of a child and one count of indecency with a child and sentenced to fifty
years' imprisonment on one count of aggravated sexual assault, forty years' imprisonment on the
other count of aggravated sexual assault, and fifteen years' imprisonment on the count of indecency
with a child. The Second Court of Appeals affirmed his conviction. Pape v. State, Cause No. 02-05-392-CR (Tex. App.-Ft. Worth, delivered November 30, 2006). 

 Applicant contends that his trial counsel rendered ineffective assistance by failing to
investigate, failing to call character witnesses at the guilt-innocence phase of trial, sponsoring
damaging testimony to the jury, failing to object to impermissible medical testimony, failing to
obtain expert assistance in preparation for trial, failing to object to improper bad act testimony,
failing to object to the improper bolstering of the complainant's testimony, failing to object to a
probation officer giving improper opinion testimony, and referring to his client as a pedophile who
could not be cured in his closing statement on punishment.

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
shall provide Applicant's trial counsel with the opportunity to respond to Applicant's claim of
ineffective assistance of counsel. The trial court may use any means set out in Tex. Code Crim.
Proc. art. 11.07, § 3(d). 

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact as to whether the performance of Applicant's trial
attorney was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. The
trial court shall also make any other findings of fact and conclusions of law that it deems relevant
and appropriate to the disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 




Filed: June 11, 2008

Do not publish